UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SIMONEAUX MOBILE HOME MOVERS, L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-1117** |
| **CH2M HILL, INC.** | **SECTION "C" (2)** |

**ORDER AND REASONS**[1]

Before this Court are the parties' memoranda directed at the issue of whether this Court has subject matter jurisdiction over this lawsuit based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Rec. Doc. 4). Having reviewed the record, motions of counsel, and the law, this Court finds that it has subject matter jurisdiction over this case.

## I. Background

On February 4, 2011, Plaintiff Simoneaux Mobile Home Movers, L.L.C. filed suit against Defendant CH2M HILL, Inc. in the Orleans Parish Civil District Court, seeking $160,727.50 for breach of contract damages. (Rec. Doc. 10 at 1); (Rec. Doc. 1-1 at 1) (original petition). On May 11, 2011, Defendant CH2M HILL, Inc., in conjunction with CH2M HILL Constructors, Inc., filed a Notice of Removal with this Court, asserting subject matter jurisdiction based on diversity of citizenship and that CH2M HILL Constructors, Inc. was the proper defendant in this action. (Rec. Doc. 1 at 1-2). On that same day, this Court ordered the parties to submit memoranda as to the existence of subject matter jurisdiction. (Rec. Doc. 4). On May 17, 2011, Plaintiff amended its complaint to name CH2M HILL Constructors, Inc. as the Defendant in this action. (Rec. Doc. 10 at 2).

---

[1] Sami Dudar, a third-year law student at the University of Georgia School of Law, assisted in the drafting of this order.

## II. Law and Analysis

A court that lacks the statutory or constitutional power to adjudicate a case must dismiss the case for lack of subject matter jurisdiction. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). 28 U.S.C. § 1441(a) authorizes the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Under subsection (b), claims "arising under the Constitution, treaties or laws of the United States" are "removable without regard to the citizenship or residence of the parties." *Id*. § 1441(b). All other claims are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought." *Id*.

Defendant, as the removing party, "bears the burden of showing that federal jurisdiction exists and that removal was proper" by a preponderance of the evidence. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). In determining whether a court has subject matter jurisdiction, a court is to narrowly construe the removal statute, resolving all "doubts regarding whether removal jurisdiction is proper . . . against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *see Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (holding that a court is to resolve disputed questions of fact in nonmovant's favor).

Federal courts have subject matter jurisdiction over a case involving citizens of different states and a "matter in controversy [that] exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332 (a). With regard to citizenship, a corporation is a citizen of both the State in which it is incorporated and "where it has its principal place of business." *Id*.

§ 1332(c)(1). In contrast, "the citizenship of a LLC is determined by the citizenship of all its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

With regard to the jurisdictional minimum, "[i]t has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). However, if it appears to a legal certainty from the face of the pleadings

> that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*St. Paul Mercury*, 303 U.S. at 289; *see also Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombis v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), *cert denied*, 510 U.S. 1041 (1994) (removal petition that "merely states, without any elaboration, that 'the matter in controversy exceeds'" the jurisdictional amount facially insufficient). Thus the appropriate inquiry is to first determine whether it is "facially apparent" that the jurisdictional minimum is met before consulting "summary judgment-type" evidence to determine the amount in controversy. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

This Court finds that Defendant has carried its burden in establishing that this Court has subject matter jurisdiction based on diversity of citizenship. With respect to citizenship, it is undisputed that Plaintiff's LLC members–Jerry Landry, Jr. and Yevette Landry–are both Louisiana citizens. (Rec. Doc. 10 at 2); (Rec. Doc. 9-1 at 2) (noting Louisiana residences of

LLC organizers). Defendant CH2M HILL Constructors, Inc. is a Delaware corporation with its principal place of business in Colorado. (Rec. Doc. 9 at 3); (Rec. Doc. 9-2). Therefore the parties are completely diverse because Plaintiff is a Louisiana citizen and Defendant is a citizen of both Delaware and Colorado. This Court additionally finds that the jurisdictional minimum is met on the face of the complaint. The complaint clearly states that Plaintiff seeks $160,727.50 for failing to pay the balance on certain invoices pertaining to contracts to "transport and install FEMA trailers." (Rec. Doc. 1-1);[2] *see also O'Neil Prods., Inc v. ABC Sports, Inc*, No. 06-10804, 2007 WL 1169357, at *1 (E.D. La. Apr. 19, 2007) (Berrigan, J.) (finding jurisdictional minimum was met on face of pleadings for breach of contract where original agreement totaled $275,000 and plaintiffs sought damages for entire value of contract).

### III. Conclusion

Accordingly,

It is determined that Defendant has demonstrated that subject matter jurisdiction exists in this case and that removal was proper.

New Orleans, Louisiana, this 19th of July, 2011.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[2] This Court also notes that Defendant has attached an Aged Receivables report evidencing a balance due of $160,727.50. (Rec. Doc. 9-3 at 6).